The opinion of the court was delivered by
Watkins, J.
In 1885 the city of New Orleans, being- the owner of two certain vacant or unimproved lots of ground, made a lease of same to one Michael Blackett, for a term of twenty years — -the term of lease expiring- on the 30th of September, 1905.
The money rental stipulated was $240, payable annually, in advance, and the following additional consideration is then stipulated, viz:
*1507 “Said Michael Iiackett, lessee,-hereby agrees and binds himself to “ cause to be constructed on each of said lots, suitable frame buildings “ adapted to business purposes and maintain samé in good condition “ during the continuance of this lease, the whole at his own costs and “ expense, and at the expiration thereof, said lots of ground, together “ with all such buildings and other improvements thereon, shall revert “ to the city of New Orleans, without any cost, charge or expense “ whatever. All such buildings to be¡ constructed under the supervision “ and to the entire satisfaction of the Commissioner of Public Build- “ ings and City Surveyor of the city of New Orleans; said lessee also “ agrees to construct and maintain, during the continuance of this “ lease, around said vaciant spaces, between said lots and the market, a “ neat fence.”
The buildings and improvements contemplated by the contract were erected upon the lots, and, thereafter, Iiackett sold all of his right, title and interest in this lease to the plaintiff, and the buildings and improvements were assessed for taxes for the years 1897, 1898 and 1899.
It is this assessment that the plaintiff seeks to annul, on the ground that same are exempt from taxation, on the ground that he is not the owner of the improvements on which the same are made. ITis position is, that they are the property of the city, and have always been; that they are rent, or stand in lieu of rent as a part of the consideration of the lease.
On the other hand, the contention of the city attorney is, that the building and improvements are the property of the plaintiff, and under the plain terms of the contract, said buildings and improvements will continue to remain his property until the expiration of the term of the lease, when they “shall revert to the city of New Orleans”, and that, in the meantime, they are taxable.
In City vs. Sugar Shed Company, 35 Ann., 548, a similar question was so decided; and that ruling was supported by the two previous decisions in Sugar Shed Company vs. Harris, 26 Ann., 378, and City vs. Russ, 27 Ann., 413.
See, also, Lee vs. City, 28 Ann., 426.
In the district court, there was a judgment in favor of the plaintiff, annulling the assessments complained of, and the city appealed therefrom.
*1508 We are of opinion that the judgment is erroneous, and must be reversed.
It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the assessments be reinstated and maintained at the cost of the plaintiff and appellee in both courts.
Rehearing refused.