## Henkenberns et al. v. Hauck et al.

February 2, 1951.

Rehearing denied March 13, 1951.

Joseph P. Goodenough, Judge.

632

James B. Meadows for appellants.

Helm Woodward and Lawrence V. Drahman for appellees.

CLAY, COMMISSIONER—Reversing.

This suit involves the title to a strip of land 110 feet in length and 25 feet in width, which was at one time a part of Helen Street in the City of Ludlow. The lower Court sustained general demurrers to appellants' petition as amended, which sought relief against appellees Hauck who had entered upon the property as owners, and prayed that a certain deed from appellee Hay to appellee Ludlow be set aside.

The petition as amended states in substance as follows: Since September 18, 1946, appellants have been, by virtue of a contract of sale executed by Hay, the sole owners and in possession of lot 404 of Ludlow's Second Partition. This lot abuts Helen Street. On October 16, 1946, the abutting portion of Helen Street was ordered closed in a civil action brought for that purpose. On November 26, 1946, Hay executed a general warranty deed to appellants conveying the lot, complying with the contract of September 18; and this deed was recorded soon thereafter. In 1948, Hay executed a quitclaim deed to Ludlow in which he undertook to convey to Ludlow the vacated portion of Helen Street abutting lot 404. Subsequently Ludlow conveyed this strip to Hauck.

Appellants' legal theory is that since they owned lot 404 when Helen Street was closed, title to the portion of the street (to the center line) which paralleled this lot was vested in them as the abutting owners. Appellees do not dispute the principle that the fee in a street ordinarily goes with title to the abutting property, but they contend that at the time Helen Street was closed Hay was actually the abutting owner, and when he later conveyed lot 404 to appellants he did not intend to convey anything more than the lot itself.

In their briefs both parties discuss facts developed in subsequent pleadings filed in the case, and apparently argued the merits of the controversy before the

Court below. The question on this appeal, however, is whether or not the petition as amended states a cause of action. It clearly does so.

The fundamental question concerns the ownership of lot 404 when Helen Street was closed on October 16, 1946. Appellants alleged they were the owners at that time, and filed as an exhibit the contract of September 18, 1946 executed by Hay (admittedly the prior owner) which recited that Hay "has sold" and the principal appellant "has purchased" this lot. Appellants thereupon became vested with the equitable title to the property. In law they became the real owners, and Hay held nothing but the bare legal title in trust for them, as security for the payment of the purchase price. See Benjamin v. Dinwiddie, 226 Ky. 106, 10 S. W. 2d 620.

The lot which Hay agreed to convey, and which he subsequently deeded to appellants, abutted on Helen Street. As stated in Williams v. Johnson, 149 Ky. 409, at page 412, 149 S. W. 821: "It seems to be the universally recognized rule that the conveyance of land bordering on a public highway conveys title to the center of the highway, subject to its use by the public, whether it is so expressed in the deed or not; and where a conveyance, or a bond to convey, designates the public highway as one of the boundaries of the tract, it will, in the absence of language showing a contrary intention, be construed as including the highway itself to the center or middle thereof."

See also Blalock v. Atwood, 154 Ky. 394, 157 S. W. 694, 46 L. R. A., N. S., 3, and Hensley v. Lewis, 278 Ky. 510, 128 S. W. 2d 917, 123 A. L. R. 537. Since neither the contract nor deed executed by Hay segregated the street from the lot or reserved any interest in it, the fee in the abutting highway, subject to the public easement, passed to appellants.

This conclusion is confirmed by taking cognizance of the manner in which Hay himself acquired his interest in the street. It passed to him only by virtue of the conveyance of lot 404 by his predecessor in title. When Hay subsequently executed the deed to appellants, which particularly described the property and referred to his source of title, he acknowledged his intention to transfer to appellants the same property deeded to him by

634

Ludlow. This included the portion of the street subsequently closed. When the public easement therein was extinguished, appellants were vested with a clear title to the property. See Henderson Elevator Company v. City of Henderson, 187 Ky. 453, 219 S. W. 809, 18 A. L. R. 983. In the A. L. R. note appended to the above case, at page 1013, the following general rule is stated: "An unrestricted conveyance by lot or block number, or according to a plat, has been held to pass the fee to the center of a street on which the conveyed lands abut, so that upon vacation of the street the land therein reverts to the owner of such abutting lands rather than to the original owner."

It is evident that appellee Hay at no time had title to the land in Helen Street apart from his ownership of the abutting lot 404; and, therefore, when he contracted to sell, and did convey that lot, the abutting portion of the street followed the title thereto as the tail goes with the hide.

The conclusion we have reached with respect to the record properly before us makes it unnecessary to pass on appellants' motion to strike the transcript of record filed by appellees.

From what has been said above, it seems to us the Chancellor erroneously sustained the demurrers to appellants' petition as amended.

The judgment is reversed for further proceedings consistent with this opinion.