**Ross G. KREAMER et al., Appellants,**

v.

**H. C. HARMON et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1960.

James G. Begley, Danville, for appellants.

Pierce Lively, Danville, for appellees.

PALMORE, Judge.

This case involves the ownership of a system of water mains in a subdivision, and the contest is between the developers of the subdivision and the owners of the various lots. On the strength of Lee v. City of Park Hills, 1943, 295 Ky. 383, 174 S.W.2d 539, the trial court decided the question in favor of the developers. It is our opinion that the decision was correct.

The subdivision, called Owens Court, was established by the recording of a plat and sale of lots, beginning in 1951. It was situated on the Harrodsburg Road between the City of Danville and Caldwell Manor Subdivision. The water system was laid by the developers in the dedicated streets within Owens Court Subdivision and was connected with the water system of the City of Danville. Profits from the sale of the lots were sufficient to cover the cost of the water system. The water system in neighboring Caldwell Manor was owned by the Caldwell Manor Improvement Association, which purchased its water from the City of Danville and then collected from the individual consumers in that subdivision at a higher rate, devoting the profits to other improvements. In 1952 the developers of Owens Court Subdivision relieved themselves of performing a similar function by turning over to the Caldwell Improvement Association the right to collect water bills from the residents of Owens Court Subdivision. In 1957 the City of Danville determined to annex both subdivisions and agreed to buy the water systems, dividing

the purchase price on a percentage basis between the Caldwell Manor Improvement Association and the developers of Owens Court Subdivision. At this point the owners of various lots in Owens Court Subdivision laid claim to the share representing the system within their subdivision.

■ The facts are not materially different from those stated in Lee v. City of Park Hills, supra, in which it was held that the water mains were appurtenant to the lots conveyed and that the deeds gave the grantees the free use of the system. In so deciding, however, this court said specifically that title to the mains remained in the dedicators, even though the deeds expressly placed the burden of their upkeep and repair on the lot owners. In the instant case the lots were described by number and reference to the recorded plat, and the deeds made no mention of the water system. Nevertheless, in the absence of any provision to the contrary the existence of the mains at the time of the lot sales made their use an appurtenant right passing with each lot, and no question is raised as to the freedom of the lot owners from any surcharge for rent. That freedom continues, of course, unaffected by the transfer of ownership.

The result reached in Lee v. City of Park Hills was sound, but the premise on which it was said that the ownership of the water system remained in the dedicators requires clarification. The parties to this appeal treat the ownership of the water mains as incidental to the ownership of the fee in the streets. Appellees say that the streets remain the property of the dedicators, subject only to the easement of right-of-way. Appellants say that this is true, but the title is held by the dedicators in trust for the public, citing Brewer v. City of Mayfield, 1929, 231 Ky. 356, 21 S.W.2d 436, and Hedge v. Cavender, 1927, 217 Ky. 524, 290 S.W. 342. Neither of these theories is correct. The latter two cases are simply illustrations of the proposition that where a dedication has been made neither the dedicator nor any person holding title through him can close up or occupy an unopened portion of the dedicated property in derogation of the right of the public to have it opened later. Such an occupancy is considered in trust insofar as the unexercised public easement is concerned.

■ The rule is that if a conveyance is by lot, block or tract number with reference to a plat showing the property as abutting on a street or highway, the grantee takes to the center of the street or highway. See 8 Am.Jur. 775, 776 (Boundaries, §§ 38, 39); Blalock v. Atwood, 1913, 154 Ky. 394, 157 S.W. 694, 46 L.R.A.,N.S., 3; Hensley v. Lewis, 1939, 278 Ky. 510, 128 S.W.2d 917, 123 A.L.R. 537; Henkenberns v. Hauck, 1951, 314 Ky. 631, 236 S.W.2d 703; and annotations at 49 A.L.R.2d 1006, 123 A.L.R. 547, and earlier volumes therein cited.

■ It is true, as said in Fayette County v. Morton, 1940, 282 Ky. 481, 138 S.W.2d 953, that in a common-law dedication the fee does not pass to the public. Only an easement passes, subject to which the fee, of course, remains where it was before, in the dedicator, or proprietor. 16 Am.Jur. 402, 403 (Dedication, § 56). But as each lot is sold so also is the proprietorship transferred, subject to the easement theretofore dedicated. This does not mean, however, that water mains or other similar facilities existing as integral parts of a utility system pass with the property. Such facilities remain in the proprietor, and a "quasi-easement" or servitude upon the land they occupy is created by implied reservation. This result follows logically from the basic rule that where the owner of an entire tract of land or of two or more adjoining parcels employs one part so that another derives from it a benefit of continuous, permanent and apparent nature, and reasonably necessary to the enjoyment of the quasi-dominant portion, then upon a severance of the ownership a grant or reservation of the right to continue such use arises by implication of law. 17A Am.Jur. 652–658, Easements, §§ 41–45; 28 C.J.S.

Easements §§ 30–34, pp. 686–695. See, for example, an excellent opinion by the late Commissioner Van Sant in Sievers v. Flynn, 1947, 305 Ky. 325, 204 S.W.2d 364. The continued use of an existing public utility is necessary to the enjoyment of the other properties served by it, or reasonably expected to be so served, and thereby presents a perfect example for the application of the foregoing principle.

The judgment correctly decided that the subdivision developers had not parted with their ownership of the water mains and were therefore entitled to sell them to the City of Danville and receive the proceeds.

Judgment affirmed.