**L. W. WILSON et al., Appellants,**

**v.**

**CLEARVIEW WATER COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

James F. Clay, Clay & Clay, Danville, for appellants.

Wesley Gilmer, Jr., Danville, for appellees.

WALLIS DOWNING, Special Commissioner.

The appellants are L. W. Wilson, Freeda Wilson, his wife, Jerry S. Daugherty, Jr., and Alma Daugherty, his wife, and are the owners and developers of a residential subdivision formerly outside the city limits of Danville, Kentucky, and as such, they contracted with the appellees for the installation of a water main to serve the subdivision at an expense of $1300.00. The appellants' check bears the notation on its face, "Contract on water line and taps in Wilson Daugherty Heights." The appellees are Clearview Water Company, Inc., J. Paul Benedict, Mildred Benedict, his wife, and Charles Onstott. The appellees own, control, operate and manage a facility for the distribution and furnishing of water to and for the public for compensation.

When the City of Danville annexed the subdivision, the appellees contracted with it to sell their water distribution system.

The appellants instituted a suit against appellees praying for a judgment quieting the title in and to the water line, equipment and servitudes or quasi-easements in the subdivision, or in the alternative, for a judgment against the appellees in the sum of $2500.00.

There was no agreement between the subdivision owners and the water company other than the payment and that water pipes and facilities would be installed and water would be available for the use in the subdivision. There was no requirement nor agreement entitling the appellants to reimbursement upon a sale of this water company by the appellees. The appellees extended the water line on Baughman Avenue outside of the subdivision 900 feet, and on Spare Minute Avenue, a dedicated street of the subdivision, an additional distance of 870 feet at an expense of $6258.00. Appellants received that for which they had bargained, and waived their rights under Public Service Commission Rule XII, 3, and settled all claims. The Rule provides:

"An applicant desiring an extension to a proposed real estate subdivision may be required to pay the entire cost of the extension. Each year for a period of not less than 10 years the utility shall refund to the applicant who paid for the extension a sum equivalent to the cost of 50 feet of the extension installed for each additional customer connected during the year but in no case shall the total amount refunded exceed the amount paid to the utility. After the end of the refund period from the completion of the extension, no refund will be required to be made."

Appellants purchased additional equipment and contracted with others for additional installation of jars, meter hookups, laterals, and lids at an expense of $475.94. The trial court decided that the title to the additional equipment is quieted in appellants against any claim of appellees, and there is no cross appeal.

Both parties in their briefs rely upon the case of Kreamer v. Harmon, Ky., 336 S. W.2d 561, which provides:

"This case involves the ownership of a system of water mains in a subdivision, and the contest is between the developers of the subdivision and the owners of the various lots. * * *

"The judgment correctly decided that the sub-division developers had not parted with their ownership of the water mains and were therefore entitled to sell them to the City of Danville and receive the proceeds."

The issues in the cases are not identical. The right, title, and interest in the water system are not involved in this litigation.

■ Litigation may be avoided by making a contract and stating its terms. Even equity cannot enforce as a contract a nonagreement. No distortion of words can hide the fact that when the court admits the parties "fail to agree" then the contract it enforces is one it makes for the parties. Walker v. Keith, Ky., 382 S.W.2d 198, 202.

■ The appellants may not claim ownership of the lines for which there is no contractual basis. The title is in the Clearview Water Company to the water distribution system, and it is quieted against any claim of appellants, except to the extent of $475.94.

Appellants maintain that they must prevail under the theory that the owner of land is the owner of improvements constructed thereon by a paid contractor. Reliance is had upon Louisville Garage Corp. v. City of Louisville, 303 Ky. 553, 198 S.W.2d 40. This contention is without merit since the record discloses that the water lines were installed in dedicated public streets, not the private property of the appellants.

The judgment is based on the pleadings, appellants' admissions, appellants' deposi-

tion and the record, and affidavits of both parties.

Both parties submitted motions for a summary judgment, stating that there is no genuine issue of any material fact and each making a claim for a summary judgment as a matter of law. A summary judgment was proper. CR 56.03.

The judgment is affirmed.

All concur.