CASE 95.—ACTION BY LATONIA AGRICULTURAL ASSOCIA-
TION AGAINST THE CITY OF LATONIA TO RE-
STRAIN THE CITY FROM EXTENDING STREETS
THROUGH ITS GROUNDS.—April 22, 1908.

## City of Latonia, &c. v. Latonia Agricultural Association.

Appeal from Kenton Circuit Court.

Judgment for the plaintiff and the city appeals.—
Affirmed.

1.  Adverse Possession—Streets.—Under Ky. St., 1903, sections
    2546, 2547, providing that limitations shall not begin to run
    in respect to actions by the city for the recovery of any street
    until written notice to the council by the party in possession
    that the possession will be adverse, etc., the easement of a
    public highway must exist in the city during the period of ad-
    verse holding to prevent the running of the statute.
2.  Dedication—Dedication of Streets—Acceptance—Necessity.—
    The dedication of streets to be effectual must be accepted by
    the municipality, and, unless accepted, the streets are not
    technically highways, and the adverse possession of them for
    the statutory period bars a right of the city to accept and
    open them.
3.  Adverse Possession—Streets.—An owner platted his farm situ-
    ated outside the limits of a city, and laid off the land into lots
    and streets. A purchaser of the premises inclosed them with
    a fence, erected improvements worth over $200,000, and more
    than 15 years after the purchase the boundaries of a city were
    so extended as to annex a part of the premises. There was
    never any acceptance of the streets by the county or city
    authorities. Held, that the city could not open the streets
    as indicated by the plat; limitations barring such right.

HAZELRIGG, CHENAULT & HAZELRIGG, O. P. SCHMIDT,
County Attorney, and J. L. ELLISTON, for appellants.

HARVEY MYERS for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The question involved in this record is the authority of the city of Latonia (sixth class) to open certain named streets which it is claimed run through the property of the Latonia Agricultural Association.

The litigation arose as follows: The authorities of Latonia, under ordinance, were about to, or were threatening. to tear down the fences and other improvements of the appellee for the purpose of opening and extending the streets through its grounds. To prevent this, appellee filed a bill in equity to obtain an injunction restraining these alleged wrongful acts. The city answered, among other things, alleging that the streets in question were public streets or highways; that the appellee was wrongfully in possession of them, and was wronffully withholding their use from the public.

The claim of the city to the streets in question is deduced as follows: In 1869 one George W. Jones (his wife being the owner in fee) made a plat of her farm, which was situated in Kenton county outside. of the limits of the city of Covington, laying off the land into what were called town lots and dividing them by named streets and alleys. This plat was called Jones' subdivision of South Covington, and was recorded in the county court of Kenton county. Mrs. Jones (his wife) did not join in this attempted dedication of her land to public use, but afterwards she joined her husband in conveying some of the lots to purchasers, and in the deeds the plat was recognized by describing the lots. And this, it is said, fully ratified the original act of the husband, if that was necessary.

In 1894 the town of Latonia was organized as a city of the sixth class, and afterwards, in 1900, its boundaries were so extended as to annex a part of the property of the appellee corporation, and thereupon the city claims arose its right, theretofore in abeyance, to open the streets in question.

The appellee, on the other hand, alleges the following claim to the streets and alleys involved in this litigation: It was chartered, and fully authorized to do the various things it afterwards did, in 1882. It bought from Jones and wife something less than two hundred acres of land, being all of the former town site except a few lots which had been sold to various people prior to appellee's purchase. It bought all of the lots owned by outside purchasers, so as to solidify its boundary, and then it enclosed the whole of its property with a close plank fence about eight feet high, and upon the enclosure laid off a regulation mile track, built a grandstand, betting sheds, stables, &c., and has there operated and maintained a race track, called by the public "The Latonia Race Track," ever since.

As we see it, the main question in this case will readily turn upon the plea of limitation, and we will proceed to examine that issue.

The plaintiff pleads and relies upon adverse possession for more than fifteen years in bar of the city's right to open the streets through its grounds, and there can be no sort of doubt that the evidence shows, without attempt at contradiction, that it has had the whole property enclosed with a high plank fence since 1882, and during all of the time, without intermission, it has occupied it as a race track under a claim of adverse right to all the world. It only remains, therefore, to see whether there is anything

in the statute of limitations which prohibits its running against the claim of the city to open the streets. The provisions of the statute bearing on the subject are as follows:

"Section 2546. The limitations mentioned in the first article of this chapter shall not begin to run in respect to actions by any town or city for the recovery of any street, alley, or other public easement, or any part of either, or the use thereof in such town or city, until the trustees, or the council of the corporation, by whatever name known or called, have been notified in writing by the party in possession, or about to take possession to the effect that such possession will be adverse to the right or title of such town or city. Until such notice is given, all possession of streets, alleys and public easements, or any part of either, in any town or city, shall be deemed amicable, and the person in possession the tenant at will of such town or city."

"Section 2547. Limitation shall not begin to run in favor of any person in the possession of any public road, or of any part thereof, until written notice shall be given to the county court of the county in which the road is situated, that such possession is adverse to the right of the public to the use of such road."

It will be observed that the operation of the first of the foregoing sections is limited to the right of a municipality to bring an action to recover the use of a street, alley, or other public easement in the city. To meet the requirements of the statute, the easements must exist as public highways, and must be in the city during the period of adverse holding in order to prevent the statute from running; and, under the provisions of the second section above

quoted, the road must exist as a public highway of the county while being adversely held to stop the statute from running against the county. The object of both sections is clearly to prevent the secret appropriation of public highways by adverse possession. The important question, then, is: Were the streets involved here ever public highways, either of the city or the county?

Assuming, for the purposes of the case, that Jones and wife, by what they jointly and severally did in the premises, dedicated the streets and alleys shown on the plat of the Jones subdivision to public use as far as they had the power so to do, did they thereby become public highways within the meaning of the sections of the statute above quoted? There is no pretense that the county of Kenton, or the city of Latonia, or any other public authority, ever expressly accepted the streets in question, or ever did such work on, or exercised such supervision over, them as would imply an acceptance. The question of law, then, arises: Can a public highway be established by dedication except by an acceptance, either express or implied, by the public?

In the case of Trustees of Lagrange v. Bain, &c., 4 Ky. Law Rep., 256, the very question we have here arose, and it was there held by this court that the dedication of streets and alleys to the use of the public to be effectual, must be accepted by the corporation; and that the presumption of acceptance by the corporation is rebutted by the fact of the continued possession by the original proprietor, and particularly his vendees, although the dedication be evidenced by the recording of a plat of the town and sale of lots. After the inclosure and use of an alley for fifteen years it is too late for the trustees of the cor-

poration to urge an acceptance of its dedication to the public or to assert a right to the land.

In the case of Wilkins v. Barnes, &c., 79 Ky., 323, it is said: "And, therefore, where a dedication is claimed to have been made to the public, reason and authority require, as a protection to the land-owners, the acceptance of the dedication to be made by the constituted representative of the public in its organic capacity, upon its records, or by such acts of control or recognition as will furnish a presumption of their existence."

The foregoing excerpt was cited, and the principle it contains approved in Louisville & Nashville Railroad Co. v. Survant, 96 Ky., 197; and in addition it was said: "A public road can only be established in two ways. One is in the manner prescribed by the statute, the other by dedication; and in the latter case it must be accepted by the county court."

In the case of Gedge, &c. v. Commonwealth, 9 Bush, 61, the court said: "The right in Wall to make the dedication of the ground to be used as a street or highway is unquestioned, but such a dedication does not compel the town of Cynthiana to improve the street or keep it in repair. If the act dedicating the land makes it a street or highway, then it is within the power of any person to compel a town or county to improve or keep in repair a highway, whether desired or not. There must be some acceptance of the dedication, by the town if a street, or by the county court if a public road, before an indictment can be maintained against those whose duty it is to keep the street or road in repair, or against one or more for a nuisance in obstructing the travel, etc." To the same effect is Cochran v. Town of Shepherdsville, 19 Ky. Law Rep., 1192. It follows from this author-

ity, that the so-called streets in question were not technically highways, and the adverse possession of appellee for the statutory period, barred appellant's right to accept and open them after the land was annexed.

The case of City of Covington v. Hall, 30 Ky. Law Rep., 356, does not militate against the principle herein established. It is true there is some general resemblance in the facts of that case and the case at bar. It was held in the case cited, that Mrs Hall was estopped by the recitation in the deed under which she held her property, that St. Louis street was a public highway of the city of Covington, there having been conveyed to her only so much of the property "as is not dedicated for streets and alleys by the plat of land of said Patch."

The principle established there has no application here. The property in question was outside of the city of Latonia at the time of the attempted dedication by the Jones plat. The attempt to establish a town on the Jones farm had been abandoned. The appellee purchased all the property platted except a few lots, buying out all adverse interests of lotholders within its boundary. It held the property adversely for more than fifteen years before the right of the city of Latonia (assuming it to have a right) to claim the streets arose, or could have arisen. The bar of the statute was complete long before the city of Latonia annexed the property of appellee. It has erected upon the land improvements said to be worth from two hundred thousand to two hundred and fifty thousand dollars. To permit the city to project the streets in question through its property now would be to entail upon it a complete loss of the property as a race track. No court would permit

this to be done without the establishment on the part of the city of a clear legal right so to do. This the city has failed to do, and we concur in the opinion of the chancellor, that the injunction restraining the public authorities from interfering with the property of the appellee should be perpetuated.

Judgment affirmed.