## Louisville & Nashville Railroad Company v. Clarence Whittle's Administrators.

## Louisville & Nashville Railroad Company v. Daisy Whittle's Administrators.

## Louisville & Nashville Railroad Company v. Zelma Whittle's Administrators.

(Decided October 26, 1926.)

Appeals from Edmonson Circuit Court.

1. Highways.—Public highways can be established only in manner provided by statute or by dedication and acceptance by proper authorities.

2. Dedication.—While neither dedication nor acceptance of highway need be formal, but may be presumed from continued use of the road by the public for fifteen years or more, accompanied by acts of control by county court, yet such use without exercise of power over road by county court will not create public highway.

3. Railroads.—Crossing was not public crossing within Kentucky Statutes, section 786, relative to crossing signals, where road was discontinued by county court, and, though it was afterwards used, county authorities exercised no control over it.

4. Railroads—Evidence, on Issue Not Within Pleadings, of Railroad's Custom of Blowing Whistle at Crossing, Did Not Entitle Plaintiff to go to Jury.—Where pleading alleged that accident happened at public crossing, testimony of engineer that he generally whistled at that crossing, which the evidence showed was not a public crossing, did not entitle plaintiff to go to jury on theory that it was usual and customary to give signals at that crossing.

5. Trial.—Litigants are not entitled to go to jury on issues not made by pleadings.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN and RODES & HARLIN for appellant.

M. M. LOGAN, THOMAS, THOMAS & LOGAN and LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

While Clarence Whittle, his wife, Daisy Whittle, and their five-year-old daughter, Zelma Whittle, were driving in a Ford car over a crossing on the Louisville & Nashville Railroad near Rocky Hill in Edmonson county about 3 p. m. on May 25, 1925, the car was struck by a northbound passenger train and all the occupants were killed.

In these separate actions for their deaths, which were consolidated and tried together, the estate of Clarence Whittle recovered a verdict and judgment for $5,000.00, the estate of Daisy Whittle a verdict and judgment for the same amount, and the estate of Zelma Whittle a verdict and judgment for $4,000.00. The railroad company appeals.

The petition charged that the accident occurred at a public crossing, and alleged that because of the surrounding conditions it was of an unusually dangerous character. The negligence relied on was the failure to give the statutory signals. The defense was a general denial and a plea of contributory negligence.

Appellant's principal contention, and the only one we need consider, is that the court not only erred in assuming as a matter of law that the crossing at which the accident happened was a public one, but should have held that the crossing was not public, and therefore have sustained its motion for a peremptory instruction. The language of the statute, section 786, Kentucky Statutes, requiring signals is: "at a distance of at least fifty rods from the place where the road crosses upon the same level any highway or crossing at which a signboard is required to be maintained." There was no evidence that the crossing was one at which a signboard was required to be maintained, so the question turns on whether the railroad crossed a public highway. It appears that the road in question was formerly known as the Dripping Springs and Glasgow road. It runs from the Glasgow and Rocky Hill road for about 200 feet along the railroad right of way and then turns and crosses the railroad. On leaving the right of way it passes through the farms of H. C. Bush and others. There was a gate at the entrance to the Bush place and three other gates on the farm. Two of these gates were closed and two of them open. On the Whittle farm through which the road ran there were three more gates, two of them fastened and the other standing open. According to the evidence for appellees the crossing and road through the different farms were used by any one who desired to use them, without asking permission from any one. This use was principally by the owners and tenants on the different farms through which the road passed and persons having business with them. The owners never exercised any rights over the road, nor did they object to any of the neighbors

passing over their places. Several people used it, but not
everybody. It was just like "any other little country
road." The crossing was never fenced and was main-
tained by the railroad. The Whittle lane was an open
road except where there were gates on it. This was a
portion of the same road that led by the Bush crossing.
On the other hand, it was shown by the orders of the
Edmonson county court that on the application of W. C.
Perkins and other landowners that portion of the
Dripping Springs and Glasgow road lying between the
Brownsville and Rocky Hill road and the Glasgow and
Rocky Hill road and passing over the railroad was dis-
continued in the year 1895. Prior to that time the road
was worked by the county, and overseers were appointed
for that purpose, but after that time the county never
worked the road nor exercised any control over it. From
that time on a few persons used the road in crossing, but
there was no general passing by the public at large. The
use was confined principally to the owners of the adjoin-
ing lands, the members of their families, their tenants
and persons having business with them. It was also
shown that during the occupancy of one of the owners of
the Bush farm there was a wire fence on the back end,
and no passing at that time.

Appellees take the position that although the road
was discontinued by the county court in the year 1895,
the evidence clearly shows that after that time its gen-
eral and continued use by the traveling public for a pe-
riod of 25 years was sufficient to make it a public highway.
It must not be overlooked that the only way a public high-
way may be established is in the manner provided by
statute, or by its dedication to the public use and its ac-
ceptance by the proper authorities as a public highway.
As the road in question was discontinued by proper action
and never re-established in the manner provided by the
statute, it could not thereafter become a public highway
within the meaning of the statute unless rededicated to
the public use and accepted as such by the proper au-
thorities. It is true that neither dedication nor accept-
ance need be formal, but both may be presumed from the
continued use of the road by the public for 15 years or
more, accompanied by acts of control on the part of the
county court, such as the appointment of overseers, etc.,
but such use, without the exercise of any power over the
road by the county court, will not make it a public high-
way. Gedge, etc. v. Commonwealth, 9 Bush 61; Louisville

& N. R. Co. v. Survant, 96 Ky. 197, 27 S. W. 999; Louisville, H. & St. L. Ry. Co. v. Commonwealth, 104 Ky. 35, 46 S. W. 207; Rockcastle County v. Norton, 189 Ky. 690, 225 S. W. 1079. As the uncontradicted evidence shows that after the discontinuance of the road no control whatever was ever exercised over it by the proper authorities, it follows that the road was not a highway within the meaning of the statute. It likewise follows that appellant was entitled to a peremptory instruction unless, as claimed by counsel for appellees, the testimony of the engineer that he generally whistled at that crossing about 300 yards before he got to it was sufficient to take the case to the jury on the theory that it was usual and customary for the company to give signals for the crossing. The case pleaded was that the accident happened at a public crossing. There was no allegation that it happened at a crossing where it was customary for the railroad company to give signals of the approach of its trains. Whether, if such allegation had been made, the evidence would have been sufficient to take the case to the jury, we need not inquire. It is sufficient to say that litigants are not entitled to go to the jury on issues not made by the pleadings. We are therefore constrained to hold that appellant's motion for a peremptory should have been sustained. On the return of the cases appellees may amend their pleadings if they so desire.

Wherefore, the judgment in each case is reversed and cause remanded for a new trial not inconsistent with this opinion.