## Brewer v. City of Mayfield.

(Decided October 29, 1929.)

W. H. HESTER and T. J. MURPHY for appellant.

R. N. STANFIELD and AUBREY HESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by W. Brewer against the city of Mayfield to recover a portion of North Seventeenth street, which had been improved by the city, a demurrer was sustained to the petition as amended, and the petition was dismissed. Brewer appeals.

The material facts alleged in the original and amended petition and shown by the plat filed therewith are, in substance, as follows: In the year 1905, Voris Gregory, then surveyor of Graves county, surveyed for H. C. Neale 10 acres of land adjoining the city of Mayfield, and divided same into lots, streets, and alleys. At the same time he prepared a plat which he designated as "Neale's Addition to the city of Mayfield, Kentucky," and filed same in his office. On this plat the space between lots 1 to 14 inclusive on the west side and lots 15 to 28 inclusive on the east side was designated as "Robertson Street." In the month of March, 1906, H. C. Neale and wife conveyed to appellant lots 15 to 28 inclusive "as shown by the plot of Neale's addition to the city of Mayfield, Kentucky, as recorded in the office of the county surveyor of Graves county," and being the east one-half of the part of the southwest quarter, of section 10, township 3, range 1 east, and being half of the following described property, viz.: (Then follows a description by metes and bounds.) This plat was not

signed or acknowledged by Neale and wife, or recorded in the office of the county clerk. When the conveyance was made to appellant the land was still inclosed by a continuous fence on all sides, and no streets or alleys had ever been laid off or marked on the grounds, and the general public was not using any part of the tract as a public road, street, or alley. Upon his purchase appellant erected a permanent, substantial farm fence along the west line of the east half of said tract, and along the middle of the street marked on the plat as "Robertson street" and connected the ends of said fence with the hedge fences which inclosed the north and south boundaries of the land, and then and there took active and adverse possession of all said east half of said tract, using all of same as one body for farming and pasturing purposes. On July 1, 1909, the 10-acre tract described in the plat of the county surveyor was annexed and made a part of the city of Mayfield by a judgment duly made and entered in the Graves circuit court. At that time the east half of the tract that appellant had purchased was still fenced and inclosed, and the city in no way took jurisdiction of any of the streets or alleys laid off on paper by the surveyor, and did not by any order or ordinance accept said offer of dedication, but has ever allowed and permitted the use and possession of same by this plaintiff until less than two years ago, and same was allowed to be and to remain in the full use and possession and control of the plaintiff as farming and pasture land. Some years after appellant purchased the land he sold off the south end of the tract two lots 185 feet wide by 200 feet deep. Later he sold one lot fronting west 96 feet and running back 185 feet. Still later he sold the remainder of the tract to C. L. Carney, still retaining a strip 30 feet fronting south on West Broadway and running back 200 feet north along the west line of the east half of the tract purchased from Neale. This strip fronts south on Broadway 30 feet and extends back north 200 feet and embraces the east half of what is now known as Seventeenth street at the southern end. Seventeenth street is the same as Robertson street designated on the plat. In the year 1909 the mayor of the city attempted to induce appellant to dedicate this strip of ground for street purposes and as part of Seventeenth street, all of which he declined to do. A similar effort was made by a succeeding mayor, but this he again declined to do, claiming it as his own, retaining it and claiming and using it as his own, and has

never made a dedication of said land, but has ever held same adversely against all the world and said defendant as aforesaid. About two years ago, without appellant's knowledge or consent, the city concreted said Seventeenth street. In doing this it embraced the strip sued for, and deprived appellant of its use and possession without compensation or condemnation. At no time since said territory was annexed to the city until about two years ago, at which time it concreted Seventeenth street, did the city ever open up, improve, use, or accept any of said streets or alleys shown on the plat prepared by the county surveyor, nor has it at any time since then made use or taken jurisdiction or charge of any other street or alley shown on said plat. Said strip of ground is of the reasonable rental value of $50 a year for the past two years.

To effect a dedication of streets and alleys shown on a plat it is not necessary that the plat be signed and acknowledged by the owner or recorded in the county clerk's office. It is admitted that Neale, the owner, employed the county surveyor to survey and plat the land, and that pursuant to this authority he prepared and filed in his office a plat showing certain lots bordering on Robertson street, and that Neale afterwards sold several lots bordering on said street and described them by the numbers marked on the plat. This was a dedication to the use of the purchasers and the public, even though the streets and alleys were not actually opened up. Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905; City of Paducah v. Mallory, 225 Ky. 692, 9 S. W. (2d) 1015; Newland v. Schriver, 230 Ky. 304, 19 S. W. (2d) 963.

It is the rule that, where one dedicates property to the use of the public, and he or those claiming through him thereafter retain possession of the property, they hold it as trustees for the public until accepted by the public. City of Paducah v. Mallory, supra. But appellant insists that this case falls within the rule laid down in City of Latonia v. Latonia Agricultural Association, 139 Ky. 732, 109 S. W. 356, 33 Ky. Law Rep. 138. The difference is this: In the latter case the property consisted of a large farm lying outside the city of Latonia. The attempt to establish a town there was abandoned. The Latonia Agricultural Association bought from Jones and wife about 200 acres of land. It also bought all the lots owned by outside purchasers so as to solidify its

360

boundaries, and then inclosed the whole with a plank fence 8 feet high and on the inclosure laid off a regulation mile track, built a grand stand, shed, stables, etc., at a cost of from $200,000 to $250,000. It held the property in this condition for more than 15 years before the property was annexed to the city of Latonia. There was never an acceptance of the streets by the county or city authorities, and it was held that the city's right to open the streets as indicated on the plat was barred by limitation.

In the case under consideration the property was dedicated to the public in 1905. The sale to appellant took place in 1906. The property was annexed to the city in 1909. The property was inclosed at the time of the dedication. All that appellant did was to substitute one fence for another. There was no attempt to abandon the project or withdraw the dedication. On the contrary he sold the lots to others and thereby ratified the dedication already made. In the circumstances he was a trustee for the public, and his holding of a portion of the street thus dedicated was never adverse. That being true the city had the right at any time to accept the dedication which it did by ordering the street improved with concrete. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.