## Louisville & N. R. Co. v. Engle.

May 23, 1939.

H. T. LIVELY, J. MILLER WHITE, ERVINE TURNER and C. S. LANDRUM for appellant.

WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Sustaining motion for appeal and reversing.

Clarence Engle has recovered judgment against the Louisville & Nashville Railroad Company for $400 damages to a truck owned by him when struck by one of the latter's trains at a crossing near Elkatawa in Breathitt County and the railway company is here on motion for appeal.

In the original petition it was merely alleged in substance that the train of appellant was operated in such a careless and negligent manner as to cause it to run over and against appellee's truck with such force as to completely demolish it. The court sustained a motion of appellant to require appellee to make his petition more definite and certain concerning the point where the accident occurred, whether it was on a crossing, and, if so, whether public or private crossing. In compliance with that order appellee amended his petition and alleged that the place on appellant's tracks where the truck was struck was a public crossing.

By answer appellant traversed the allegations of the petition as amended and in a second paragraph pleaded contributory negligence on the part of appellee. The issues were completed by a reply traversing the allegations of the petition. At the close of plaintiff's evidence and at the close of all the evidence appellant entered motion for a peremptory instruction in its favor which motion was overruled. This action of the court is the basis of the first ground argued for reversal. As will be noted it was only alleged that the crossing where the accident occurred is a public crossing. Apart from this there is no allegation that the crossing was used by

people generally for such time and in such numbers as would impose upon appellant's servant in charge of its train the duty to give signals of its approach to the crossing or to keep a lookout for persons using same. The evidence shows that there is an established public road running parallel with the railroad tracks near Elkatawa and that there is a road or passway leading from this public highway and across the railroad tracks at the point where the accident occurred. There are a few families living across the railroad from the main highway who use this crossing. Appellee attempted to show that this road continued on over the hills or mountains to what is called the Si Bend neighborhood, but the evidence indicates that that part of the road leading toward Si Bend is nothing more than a bridle or foot path and not used for vehicular traffic. When asked about the use of the crossing by the public appellee stated in substance that there were several families using it; that three families lived there and that there was a public passway going up the hill and into the Si Bend country where several families lived and that people rode through that way. Burnice Cundiff testified that the crossing was used by the public; that people traveled it every day going back and forth; that the road led up the branch and to the Si Bend country and people from that section used the crossing and had done so for a number of years. Joe C. Little testified that he had lived in the vicinity of Elkatawa about forty years; that there had been a road through there ever since he could remember; that in coming from Si Bend to Elkatawa it was nearer to come that way walking or horseback but that he did not remember whether there was a wagon road there and that the Si Bend side was very rough. Floyd Little testified that he had known the crossing for about 38 years and that it had been used for a road crossing ever since he could remember. George W. Little, county judge of Breathitt county, was called as a witness by appellant and testified in effect that so far as he knew the road had never been maintained by the county; that in going over the mountain or hill to Elkatawa to the Si Bend community there was a foot path but that he did not know of its being used for vehicular traffic. E. B. Noble, who was called by appellant, stated that there was a pathway over the hill which was used by pedestrians and horseback riders but no wagons traveled over the hill toward Si Bend. George W. Little was recalled by appellee and stated

that according to his recollection about 1895 when N. B. Day was county judge he attempted to establish a road from the mouth of Frozen by way of Si Bend to Elkatawa station, and when asked whether the county had the road worked testified that as he remembered it had been worked beyond the gap near Si Bend; that on one occasion he saw where some work had been done there.

In Louisville & Nashville Railroad Company v. Whittle's Adm'rs, 216 Ky. 314, 287 S. W. 894, 895, this court with regard to the ways in which a public highway may be established said:

"It must not be overlooked that the only way that a public highway may be established is in the manner provided by statute, or by its dedication to the public use and its acceptance by the proper authorities as a public highway * * * It is true that neither dedication nor acceptance need be formal, but both may be presumed from the continual use of the road by the public for 15 years or more, accompanied by acts of control on the part of the county court, such as the appointment of overseers, etc., but such use, without the exercise of any power over the road by the county court, will not make it a public highway." See also Chesapeake & O. Railway Company v. Young's Adm'r, 146 Ky. 317, 142 S. W. 709

When viewed in the light of that quoted excerpt, it will be seen that the evidence falls far short of showing this to be a public road. There is no evidence that it was established as a public road by the county court as provided by statute or of its dedication to public use and acceptance by proper authorities as a public way. The nearest approach to this is the evidence of Judge Little who merely stated on recall that to the best of his recollection N. B. Day when county judge attempted to establish a public road but no orders of the court relative thereto were introduced in evidence nor is there any showing how far this "attempt" was carried. He did not testify that any overseers for the road had ever been appointed by the county or that the county had ever exercised any power or control over it. He merely stated that on one occasion some work had been done on the Si Bend end of the road but did not say that this was done or was authorized to be done by the county.

The evidence conduces only to show that the place

where the accident occurred was a private crossing and as already noted there was no allegation of use of it for such times and by such numbers of persons as would impose upon appellant the duty of giving warning of the approach of its trains to the crossing or of keeping a lookout there; and if there had been such allegation there would be no evidence whatever to sustain it. The accident occurred about 1 or 2 o'clock in the morning when it was very foggy. Appellee and a young man who was with him did not see the headlights of the train until it was practically upon them and the trainmen testified that because of the foggy condition the headlights revealed objects only a short distance ahead; that they did not discover the truck on the tracks until they were within such a short distance from it that nothing could be done to prevent striking it. In the proven circumtances no negligence could be attributed to appellant until its servants in charge of the train discovered the truck upon the tracks (Stull's Adm'x v. Kentucky Traction & Terminal Company, 172 Ky. 650, 189 S. W. 721 and cases therein cited), and the evidence shows beyond doubt that it was then too late for them by the exercise of ordinary care and with use of the means at their command to avoid striking it.

It is our conclusion that the evidence wholly fails to sustain the alleged or any actionable negligence upon the part of appellant and therefore its motion for a peremptory instruction should have been sustained. This conclusion renders it unnecessary to consider other grounds urged for reversal.

Wherefore the motion for appeal is sustained, judgment reversed and the cause remanded for a new trial and proceedings consistent with this opinion.