## Egner et ux. v. Livingston County Board Of Education et al.

May 2, 1950.

Rehearing denied June 23, 1950.

H. F. S. Bailey, Judge.

J. R. Wells for appellants.

R. B. Dycus for appellees.

MORRIS, COMMISSIONER—Reversing.

The appellants, C. E. Egner and wife, filed a petition in equity asking that their title be quieted to a certain 2½ acre tract, a part of an 83½ acre tract originally conveyed by A. J. Rhoades to H. J. Ringstaff. This land came by way of mesne conveyance to the appellants.

The deed from Rhoades to Ringstaff, executed in 1886, conveyed the tract with the following limitation: "Except 2½ acres, which is reserved for the use and benefit of schools and churches so long as it may be used for such purposes. If its use should cease for the above specified purposes, then it shall become a part of this conveyance." There was no deed to any school board or church. All mesne conveyances contained a substantially similar limitation; reservation or exception. The Livingston County Board of Education and its members, and others, were made parties defendant. The petition alleges that the use of the schoolhouse, which was built on the 2½ acre tract, has been abandoned and there had never been any use for church purposes. The appellants, after demurrers were filed, twice amended their petition, stating with more particularity the facts involved. The petition and petition as amended alleges that the school was built on the land some time after October 9, 1886, and by amendment a description of the 2½ acres involved in this suit was also filed.

The chancellor sustained a demurrer to the petition and petition as amended; appellants refused to plead further and judgment was entered dismissing the petition, from which this appeal is taken.

The grounds on which the demurrer was sustained

and on which the appellees rely here are as follows: (1) Appellants are bound to rely on the strength of their own title; (2) appellants and appellees do not trace title to a common grantor; (3) an exception in a deed withholds from the grantee some existing part of the land embraced in the description which would otherwise pass by the instrument, and (4) the reservation referred to in the conveyance in the Rhoades deed is in violation of KRS 381.220, in respect of restraints on alienation of property.

The facts pleaded show a common-law dedication of the tract in question and an abandonment of any use thereof acquired by the public. The reservation as to the 2½ acre tract in the deed from Rhoades to Ringstaff cannot be construed as a grant of the fee, because there is no determinate person or body to hold that fee, but rather a permissive use is given to the public. Though the term "dedication" is not expressly used, the pleadings contain allegations of the essential fact that Rhoades made a common-law dedication for school and church purposes. A common-law dedication is effected when there is an intent on the part of the fee owner to devote property to public use manifested by some acts, and it becomes complete on acceptance by the public, and a common-law dedication may be either express or implied and any act upon the part of the owner of the fee from which an intention to dedicate may be gathered is sufficient to constitute a common-law dedication. Hall et al. v. Meade et al., 244 Ky. 718, 51 S. W. 2d 974, 975.

A common-law dedication merely passes an easement or right of user to the public. Fayette County v. Morton, 282 Ky. 481, 138 S. W. 2d 953; Shell Petroleum Corp. v. Hollow, 10 Cir., 70 F. 2d 811; Tiffany, Real Property, 3d Ed., Vol. 4, Sec. 1112; 26 C. J. S., Dedication, Sec. 50. There is a decided difference between a common-law dedication for school purposes, which passes merely an easement and the granting of a fee to a determinate body or the granting of fee with the possibility of reverter in the grantor. Carroll County Board of Education v. Caldwall, 178 Tenn. 671, 162 S.W. 2d 391.

Appellees argue that appellants to recover must rely upon strength of their own title and not upon the weakness of appellees and, further, that since no common grantor is shown, the appellants must plead title back to

the Commonwealth. The objection is without merit, because by appellants' pleading they derived their title and appellees their right of use from A. J. Rhoades, though Rhoades cannot be said to be a common grantor because the dedication is not in strict terms a grant, yet there is a common source of title and right of use.

The technical difference between a reservation and an exception is not material here, since the words are often used interchangeably, Hicks et al. v. Phillips et al., 146 Ky. 305, 142 S.W. 394, 47 L. R. A., N. S., 878, and the deed subsequent to the Rhoades' deed used substantially the same language or language of similar import showing an intention to pass the same interest to subsequent grantors as that passed by Rhoades to Ringstaff.

There is no violation of the rule against perpetuities, because the fee to the 2½ acres was always vested. KRS 381.220 sets out the rule against perpetuities. That rule is solely concerned with remoteness of vesting, and the fact that a particular use of the land could be separated from the fee by way of easement, for an indefinite period, is immaterial. Gray, The Rule Against Perpetuities, 4th Ed., Sec. 279 and note 6 to Sec. 312 at page 348; Patterson v. Patterson, 135 Ky. 339, 122 S. W. 169.

We conclude that since demurrer to the petition admitted as true the facts therein pleaded, the chancellor was in error in sustaining the demurrer. For the reasons indicated the judgment is reversed and the cause remanded with directions to overrule the demurrer and for further proceedings consistent herewith.

Judgment reversed.