Frances M. HOUGLAND, Appellant,

v.

Ernest J. PERDUE et al., Appellee.

Court of Appeals of Kentucky.

Oct. 19, 1962.

Terrell, Schultzman & Hardy, Paducah, for appellant.

Michael Avedisian, Reed & Hines, Paducah, for appellee.

MONTGOMERY, Judge.

Frances M. Hougland appeals from a judgment enabling Ernest J. Perdue and his wife to improve Lindbergh Court in Hillcrest Subdivision near the City of Paducah so as to provide a means of ingress and egress to their properties in said subdivision. Appellant contends that the county is the sole owner of the street and has the responsibility for its maintenance, and until such responsibility is assumed, each abutting property owner holds possession to the center of the street as trustee for the county. It also is contended that the appellees,

as adjoining property owners, have a right to use only so much of the street as will provide them with reasonable access to their property and that a 30-foot drive is sufficient for such purpose.

In September 1927, Hillcrest Subdivision was created and established. A plat showing the lots and streets was appropriately recorded in the county court clerk's office. A street or roadway was designated on the plat as Lindbergh Court. It extended from Pecan Avenue to Grand Boulevard. The designated width of Lindbergh Court as shown by the plat is 80 feet. This is divided into a center strip or open areaway 20 feet in width, with a travel strip 30 feet in width on each side of it.

When the subdivision was opened, the streets, including Lindbergh Court, were graveled and were used by the general public. Following 1940, the use of Lindbergh Court was slight. Eventually the area became overgrown with weeds, vehicular traffic became nonexistent, and only pedestrian and bicycle travel over it was observed.

Appellant owns lots on the south side of Lindbergh Court and lots adjoining on Pecan Avenue. In 1959, appellant constructed a residence on her lots at an approximate cost of $150,000. The house fronts on Pecan Avenue.

Perdue and wife own all of the lots abutting on the north side of Lindbergh Court, as well as other lots in the subdivision. George Lawrence Saffer and his wife, also appellees, own the other lots adjoining Lindbergh Court. They are in accord with the Perdues in the desire to improve the street. The Chancellor found there was a need to improve the street for the benefit of appellees and other property owners in the subdivision as well. He also found that the proposed improvements planned by engineers would be proper, reasonable, and in accord with the plat.

■ The Chancellor concluded that the platting and recording of Hillcrest Subdivision and the sale of lots therein by reference to the plat constituted a dedication of the streets in the subdivision, including Lindbergh Court, to the public use and that the dedication inured to the benefit of the public, including abutting property owners who had a right to use Lindbergh Court. He further concluded that in the absence of any acceptance by the county and any effort by it to improve the street, the abutting property owners might make reasonable improvements thereon as a valid exercise of the easement resulting from the dedication. In addition he concluded that a fence erected by appellant in the half of Lindbergh Court lying next to her property was in violation of the rights of the abutting owners and other property owners in the subdivision and that she should remove it.

In his conclusions the Chancellor relied on Salyers v. Tackett, Ky., 322 S.W.2d 707, and Elam v. Elam, Ky., 322 S.W.2d 703. His conclusions represent a correct application of the principles set forth in those cases. The judgment entered in accord therewith is correct. See also 26 C.J.S. Dedication § 52, pages 530–531; Annotation, 112 A.L.R. 1303, including Morgan v. Morgan, 205 Ky. 545, 266 S.W. 35; Guillet v. Livernois, 297 Mass. 337, 8 N.E.2d 921, 112 A.L.R. 1300; Cassell v. Reeves, Ky., 265 S.W.2d 801.

There is no merit in appellant's argument that the improvement of the street will impair the attractiveness and value of her property or that such improvement constitutes a "spite road." The answer is that the proposed improvement is a reasonable exercise of a right to be enjoyed by appellees.

■ Appellant's argument that she is a trustee for the county with the right to possess and occupy one-half of the street until the county assumes the responsibility for maintenance is erroneous for the reasons set forth in the cited cases. This view is not sustained by City of Paducah v. Mallory, 225 Ky. 692, 9 S.W.2d 1015, or Brewer v. City of Mayfield, 231 Ky. 356, 21 S.W.2d

436. Those cases hold that one who dedicates a street to public use but retains possession until the city or county accepts it holds the land as a trustee for the public and not by adverse possession. Appellant can claim no comfort under those cases since she neither dedicated the street nor actually had possession of it.

Judgment affirmed.