Paul KEMPER, Appellant,

v.

Allen Barton COOKE, Jean Cooke, Leslie L. Jaggers, Jr., Sue C. Jaggers, Lonnie Warren, Christeen Warren, Doris Blaton, Clotilda Borders, Paul Wirth, Wanda Wirth, Robert Skaggs, Lydia Skaggs, H. R. Tharpe, Katherine Tharpe, and Hardin Fiscal Court, Appellees.

Court of Appeals of Kentucky.

Jan. 5, 1979.

James T. Kelley, Elizabethtown, for appellant.

Carl Howell, Jr., Howell & Howell, Hodgenville, for appellees, Tharpe and Tharpe.

Paul M. Lewis, Lewis, Bland, & Preston, Elizabethtown, for appellees, Cooke, Cooke, Jaggers, Jr., Jaggers, Martin, Martin, Warren, Warren, Blanton, Borders, Wirth, Wirth, Skaggs, and Skaggs.

Dwight Preston, Hardin County Atty., Elizabethtown, for appellee, Hardin Fiscal Court.

Before HOWERTON, REYNOLDS, and VANCE, JJ.

HOWERTON, Judge.

Kemper sought a mandatory injunction in order to remove an obstruction on Dee Street in Hardin County, Kentucky. The obstruction had been placed by the appellees at the end of the street where it would otherwise connect with old Highway 31–W. The appellees are all property owners in the subdivision wherein Dee Street is located, and Kemper is a member of a church located at the intersection of Dee Street and old 31–W.

Kemper takes issue with the two primary conclusions reached by the trial court, namely (1) that Dee Street is not a public street, and (2) that Kemper, as a private citizen, has no standing to contest the obstruction. We agree that the dismissal of

the complaint was correct on the basis of either conclusion.

The findings of the trial court have not been challenged as being clearly erroneous or as being unsupported by the evidence. The following is a summary of the findings. In 1966, H. R. Tharpe recorded a plat for a subdivision to be known as Royal Oaks. The property was located approximately three miles south of Elizabethtown and between the new and old U.S. Highway 31–W. In 1968, a supplementary plat was recorded which dedicated Dee Street all the way from new 31–W to old 31–W. Seven lots were sold which fronted on Dee Street, and the owners of the lots are appellees herein together with the subdividers and the Hardin County Fiscal Court. The New Hope Baptist Church lies outside the subdivision, but is located at the intersection of Dee Street and U.S. Highway 31–W.

When the subdivision was originally opened, there was no exit from Dee Street to old 31–W. In 1970, a tile was placed in a ditch along the right-of-way of old 31–W, and traffic was permitted to move to and from Dee Street and the old highway. In July 1976, the appellee, Allen Cooke, with the cooperation and assistance of the other residents on Dee Street, removed the tile and barricaded the end of Dee Street.

This action was initiated by the trustees of the New Hope Baptist Church, but thereafter, the Church and its trustees withdrew as plaintiffs. Kemper, a member of the church, remained as the sole plaintiff, claiming injury due to the closing of the street because he would be required to drive approximately one mile farther each time he drove to his church.

Dee Street has never been taken into the county road system, nor has the Hardin County Fiscal Court exercised any control or performed any maintenance on the street. At this time, the fiscal court has no desire to accept the street for maintenance and control, but would consider accepting the street, if it was constructed and surfaced in a manner sufficient to meet the county's specifications.

The subdivider dedicated the property for purposes of establishing a street in the subdivision, but there is no evidence that he has any present obligation to construct the street in a manner which would be acceptable by the county. The residents of Dee Street requested that Dee Street be categorized as a private street for the use of its residents and such members of the public as may be going to the property of the residents, or in the alternative to require the county to accept Dee Street as part of the county road system and to thereafter maintain it as a public way.

■ Kemper first argues that the court erred in holding that Dee Street was not a public way. A definition for "county roads" appears in KRS 178.010(1)(b), and it reads in part, " 'County roads' are public roads which have been accepted by the fiscal court of the county as part of the county road system. . . ." KRS 178.080 provides for the establishment of public roads by petition. A street may be dedicated to public use by approval of the planning commission and recording of a plat pursuant to KRS 100.277 and 100.283, but it must still be accepted by the fiscal court through the procedures in chapter 178 before it becomes a street which is open for the use of the public generally. Acceptance by the county is not mandatory. *Louisville and Nashville Railroad Company v. Engle*, 278 Ky. 576, 129 S.W.2d 133 (1939), and *Illinois Central Railroad Company v. Hopkins County*, Ky., 369 S.W.2d 116 (1963).

■ It is clear that the subdivider dedicated the street for public purposes. The property in the dedicated area no longer belongs to any individual. The dedicated area cannot be closed in such a total manner as to have the property revert to the abutting landowners except by action brought in the circuit court. The dedicated way has not, however, reached the point where it has become part of the public system which is to be maintained by the public. The only way the abutting property owners would have any obligation to pay for the cost of constructing and opening a public way on Dee Street would be through

a governmentally enforced improvement project as allowed by statute. Otherwise, the property owners are free to construct and maintain the quality of a common way in the manner they see fit for their own use and for the use of those who will travel the way to visit them.

■ We have reviewed the cases cited by Kemper regarding the dedication of public ways. They relate to plats, intent, long-term use and irrevocability. We do not disagree with the authorities cited; but we find all of them to be distinguishable or inapplicable to the facts in this case. See, *Cassell v. Reeves,* Ky., 265 S.W.2d 801 (1954); *Schneider v. Jacob,* 86 Ky. 101, 5 S.W. 350 (1887); *Potter v. Citation Coal Corp.,* Ky., 445 S.W.2d 128 (1969); *Brewer v. City of Mayfield,* 231 Ky. 356, 21 S.W.2d 436 (1929); and *Salyers v. Tackett,* Ky., 322 S.W.2d 707 (1959). If the street had been left open, Kemper would have been able to use it, but in order to force a removal of the obstruction, he will need the cooperation of either an abutting property owner or the county fiscal court.

Kemper argues that he has standing to sue, because he incurred special damages caused by the obstruction of Dee Street and that he was forced to take a circuitous route to his place of worship. In order for Kemper to have standing, he must be able to show that the damages he suffered because of the obstruction were different from those suffered by the public as a whole. The difference must not only be in degree, but also in kind. *Husband v. Cotton,* 171 Ky. 177, 188 S.W. 380 (1916). Kemper contends that *Husband* should apply in his favor, because his injury is no different from an injury suffered by others who have to take a more circuitous route to their own property. The facts in *Husband* are distinguishable from those in this case, however. In *Husband* the plaintiff's injury was the obstruction of ingress and egress from his own property. The injury was special and peculiar to that property owner. Kemper does not own any property abutting the obstructed street, and his ingress and egress from his own property is not affected. He has access to his church property, and the church and its trustees no longer seek removal of the barrier.

The judgment of the circuit court is affirmed.

All concur.