No. 89–SC–343–OA.

Supreme Court of Kentucky.

June 8, 1989.

**James F. WATSON, Appellant,**

v.

**CRITTENDEN COUNTY FISCAL COURT, Appellee.**

No. 88–CA–1057–MR.

Court of Appeals of Kentucky.

June 2, 1989.

**48**

R. Eberley Davis, Sturgis, for appellant.

Alan C. Stout, Marion, for appellee.

Before DYCHE, EMBERTON and MILLER, JJ.

MILLER, Judge.

This is an appeal from a summary judgment (Kentucky Rules of Civil Procedure (CR) 56) entered in the Crittenden Circuit Court. Our review is under the precepts of *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985); specifically whether there was a genuine issue of material fact and, if not, whether appellee, Crittenden County Fiscal Court (fiscal court), was entitled to judgment as a matter of law. CR 56.03.

The dispute is over the 1987 action of the fiscal court in taking a certain road into the "county road system." Kentucky Revised Statutes (KRS) Chapter 178. The road in question was never formally dedicated, but was adopted as part of the county road system upon the premise that it was already a "public road," having been dedicated to public use by prescription. *See Sarver v. County of Allen*, Ky., 582 S.W.2d 40 (1979). Appellant, James F. Watson, filed suit challenging the action of the fiscal court. Watson now maintains there is a genuine issue of fact as to whether the road became a public road by prescriptive use. He insists that summary judgment was improper. We agree.

In *Louisville & N. R. Co. v. Engle*, 278 Ky. 576, 129 S.W.2d 133, 134 (1939), it was stated:

In *Louisville & Nashville Railroad Company v. Whittle's Adm'rs*, 216 Ky. 314, 287 S.W. 894, 895, this court with regard to the ways in which a *public highway* may be established said: "It must not be overlooked that the only way that a *public highway* may be established is in the manner provided by statute, or by its dedication to the public use and its acceptance by the proper authorities as a *public highway*. * * * It is true that neither dedication nor acceptance need be formal, but both may be presumed from the continual use of the road by the public for 15 years or more, accompanied by acts of control on the part of the county court, such as the appointment of overseers, etc., but such use, without the exercise of any power over the road by the county court, will not make it a *public highway*." (citation omitted) (emphasis added)

Under this holding, we deem the law to be that a public road may be acquired by prescription only upon (1) fifteen years public use and (2) a like number of years of control and maintenance by the government. As stated in *Sarver, supra*, at p. 43, "the acts of county officials in improving or maintaining a road, standing alone, do not constitute a public user capable of ripening into a prescriptive title...." Parenthetically, while no issue is raised in the case at hand, *Sarver* stands for the principle that public roads, not yet "county

roads" by adoption into the county system, are subject to abandonment without formal action.

■ As we view the record, there is, indeed, a genuine factual dispute as to the elements of prescription mandated by *Engle.* For this reason, we must reverse.

We observe that the facts necessary to constitute an informal dedication by prescription present a question of law, but whether those facts, when in dispute, do or do not exist, is one for the fact finder. Watson desires a jury trial on factual issues. On remand, the jury shall be directed to determine the existence or nonexistence of facts requisite for prescription—namely, public use and county control (i.e., maintenance) for a period of fifteen years.[1] If the jury finds public use and county control for that period, then Watson's complaint shall be dismissed, as the fiscal court was free to take the road into the county system.

■ KRS 178.025(1) has no application as that section applies to "formally" dedicated roadways. The road in question is not based upon formal dedication, but rather prescriptive use which, if ripened into a public road, is susceptible to incorporation within the county system.

For the foregoing reasons, the judgment of the Crittenden Circuit Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.

---

1. Frequently, juries are instructed to answer questions of law rather than to determine the existence or nonexistence of facts in dispute. For example, whether or not A & B entered into a contract, or whether A claimed adversely to B for a period of fifteen years. Such is improper. Therefore, on remand, the jury should not be asked to determine whether the road in question was given to public use and county control for fifteen years, but rather to determine what facts are true or untrue. *See* 2 J. Palmore, *Kentucky Instructions to Juries,* § 13.11(j) (1977).