HENRY FISCHER BUILDER, INC.; H & F Investments (A Kentucky Partnership); and Henry K. Fischer and Elaine Fischer, Appellants,

v.

Kenneth MAGEE; Kathleen Magee; David Magee; City of Crescent Springs, Kentucky and The Drees Company, Inc., Appellees.

No. 96–CA–1858–MR.

Court of Appeals of Kentucky.

Dec. 5, 1997.

Mark G. Arnzen, Beverly R. Storm, Covington, for Appellants.

James A. Dressman, III, Covington, for Appellees, Kenneth Magee and Kathleen Magee.

Thomas R. Nienaber, Florence, for Appellee, David Magee.

Kevin L. Murphy, Covington, for Appellee, The Drees Company, Inc.

No Brief for Appellee, City of Crescent Springs.

Before BUCKINGHAM, GARDNER and SCHRODER, JJ.

### OPINION

SCHRODER, Judge.

This is a planning and zoning case which asks how binding a preliminary plat is. Street dedications under subdivision regulations, adopted pursuant to Chapter 100 of the Kentucky Revised Statutes, are compared to dedications under KRS 82.400 and common law dedications.

The parties are well aware of who played which part in this case scenario, so for purposes of this appeal, we are going to say a developer, wishing to develop a residential subdivision, presented a preliminary plat to the planning commission, which approved it. In developing the subdivision, the developer periodically presented sections to the planning commission for final plat approval, which was given. The last section anticipated to be developed was section 10, which would have closed out the subdivision. However, when the developer presented the next final plat for approval, it was section 10–A, which left some of the original tract unplatted. The final plat on section 10–A was approved, accepted and recorded. There was no plat forthcoming on section 10–B, the remaining unplatted lands from the original tract.

The adjacent property owner became concerned because he wanted to see the street developed to his property line, as shown on the preliminary plat. The street was actually constructed, and approved through section 10–A, as Sierra Drive. All parties agree that if or when section 10–B is submitted for final plat approval, the planning commission can require Sierra Drive to be built and dedicated right up to the adjoining property line. When section 10–B was not forthcoming, the adjacent property owner filed suit to gain access over that part of Sierra Drive which was a paper street on the preliminary plat. The circuit court found that the approval of the preliminary plat amounted to a common law dedication by the developer, which created an estoppel against the developer. On appeal, the developer argues that KRS Chapter 100 and KRS 82.400 codify common law and/or otherwise subordinate common law to the statutory schemes. There is more than one way to dedicate a street, none of which applies here.

In *Kelly v. Cook*, Ky.App., 899 S.W.2d 517, 518–519 (1995), we said:

With an ever-expanding population, an increase in urbanization, and the division of farms into residential tracts, our General Assembly recognized the need for an easier way to divide and convey land. Their solution was subdivision regulations, which would change dramatically and forever conveyance law involving most divisions of land of less than five acres. *See* KRS 100.111, sections 2 and 22. KRS 100.273 authorizes cities and/or counties to

adopt regulations for subdividing land. Creating and adopting these "Subdivision Regulations" requires the establishment of a planning program or of a planning commission. The subdivision regulations are adopted by the legislative body or fiscal court (KRS 100.201, KRS 100.273, and *City of Lakeside Park v. Quinn,* Ky., 672 S.W.2d 666 (1984)).

and

Subdivision plats, on the other hand, are approved by the planning commission as a ministerial function to insure compliance with said subdivision regulations. KRS 100.277. A plat is a map of the subdivision (KRS 100.111(16)). Once the plat is approved by the planning commission and recorded in the county clerk's office, a sale of land within that subdivision may be made by reference to lot or tract number in lieu of a metes and bounds description. *See* KRS 100.277(3). Likewise, the plat may also contain street, utility, and other facility dedications. KRS 100.281(4). (For allowances for street dedications in plats, see *Marshall v. Kent,* 210 Ky. 654, 276 S.W. 563 (1925); and *Hougland v. Perdue,* Ky., 361 S.W.2d 291 (1962)).

KRS 100.281 authorizes subdivision regulations to contain a procedure for the submission and approval of preliminary, as well as final, plats. A preliminary plat is a working document, whereas the final plat is the finished product which has been accepted by the planning commission and is to be recorded. There has been no case of record in this Commonwealth since the adoption of Chapter 100 in 1966, our planning and zoning enabling act, which holds that the approval of a preliminary plat amounts to a dedication of streets, easements, etc. KRS 100.281(1) provides for the recording of final plats only, and for a good reason. Only when the plat becomes final are the parties' rights and expectations fixed. Until a plat becomes final, it cannot be recorded and lots cannot be sold. KRS 100.277. Until a plat becomes final by having received final plat approval by the planning commission, it cannot be accepted by the legislative body for maintenance. KRS 100.277(4).

■ So what good is a preliminary plat if it is nonbinding? A preliminary plat is a tentative plan which the developer submits to the planning commission for review and acceptance. See the Kenton County and Municipal Planning and Zoning Commission Subdivision Regulations (hereinafter referred to as sub. regs.). Sub. regs. section 2.0 Definitions: Preliminary Plats. The planning commission either accepts it or places conditions and changes on the proposal. Sub. regs. section 3.3. When both parties agree on all the specifications, reservations, conditions, etc., then there exists a blueprint for a final plat. If the subdivision is built according to the blueprint, or a performance bond is posted, a final plat will be approved and recorded. *See* sub. regs. section 3.6, 3.7(A). Only upon final approval by the planning commission does a public or private entity acquire rights in an offer of dedication made on the plat. *See* KRS 100.285(3)(b).

■ In hindsight, the planning commission's decision to approve a final plat or section 10–A, without requiring the rest of Sierra Drive to be included, may not have been the wisest decision. *See* sub. regs. section 3.7(B) (approval of sections only), and § 60(B)(2). However, we are not going to second guess a planning commission that conducts a public hearing, knows the reputation of the developer, and is in a position to make that judgment call. As to that part of the trial court's decision that holds there was not a dedication under Chapter 100 or under the local sub. regs., we agree.

■ Appellees point to KRS 82.400 as alternative ways to dedicate a street. We agree that there is more than one way to dedicate a street. Many counties in Kentucky, if not the majority, have no planning or zoning commissions. Under common law, there were/are a number of ways to acquire land for a public street. *See III, American Law of Property,* § 12.133, at 475 (1952) & *II, American Law of Property,* § 9.50, at 482, 483 (1952). First, there is the outright conveyance or deed, which everyone agrees, we do not have here. There is the statutory plat which we ruled above was incomplete. There is the right to acquire from the owner through eminent domain, which is statutory

and can be used later, but wasn't up to the point of this trial. There is also a dedication by estoppel which involves promises and justified contractual reliance thereon. Finally, there is a dedication by prescription which involves the intent, implied or actual[1] to dedicate the right of way and it must be open to the unrestricted public use for a long time.

■ KRS 82.400 deals with common law street dedications where heretofore no particular form was required. *Cassell v. Reeves*, Ky., 265 S.W.2d 801 (1954); *Potter v. Mullins*, 267 Ky. 822, 103 S.W.2d 274 (1937); *City of Paducah v. Mallory*, 225 Ky. 692, 9 S.W.2d 1015 (1928). KRS. 82.400(1) provides a statutory method of dedicating a street in cities located in counties having a city of the first class and in those areas without subdivision regulations adopted pursuant to Chapter 100 of the Kentucky Revised Statutes. KRS 82.400(2) applies to jurisdictions that have planning commissions and adopts the method set forth in the local subdivision regulations. KRS 82.400(3) relates to two types of common law dedications. It reads in part:

> When any property has been opened to the unrestricted use of the general public for five (5) consecutive years, it shall be conclusively presumed to have been dedicated to the city as a public way or easement, subject to acceptance by the city. The city may, at any time after the expiration of five (5) years from the time the property is opened to the public, pass an ordinance declaring it so dedicated, and accepting the dedication, whereupon it shall be a public way or easement of the city for all purposes....

This provision is actually a rule of evidence in common law dedications by prescription. The presumption in dedications by prescription only satisfies the time element of the dedication by prescription. The conclusive presumption of a dedication is not satisfied merely by drawing a paper street on the preliminary plat. The evidence must also show the street was open for the unrestricted use by members of the general public for this fiveyear period. *Commonwealth, Depart-*

*ment of Highways v. Wynn*, Ky., 396 S.W.2d 798 (1965); *Statewide Development Co. v. Lexington Fayette Urban County Government*, Ky.App., 821 S.W.2d 97, 100 (1991). In order to be considered "open for unrestricted public use," there must be an actual use, not merely the lack of restrictions on the use. *Hofgesang v. Woodbine Ave. Realty Co.*, Ky., 414 S.W.2d 580, 585 (1967); *Statewide Development Co. v. Lexington Fayette Urban County Gov't.*, supra; *City of Hazard v. Eversole*, 313 Ky. 254, 230 S.W.2d 921, 923 (1950); and *Grinestaff v. Grinestaff*, Ky., 318 S.W.2d 881 (1958).

■ KRS 82.400(3) also states:

> Nothing herein shall be construed to require the expiration of five (5) years to raise a presumption of dedication in any case where, under any rule of law in force in this state, a dedication would be presumed in less than five (5) years....

This provision applies to dedications by estoppel which do not have time limits. *City of Paducah v. Mallory*, supra; *Citizens Fidelity Bank & Trust Co. v. Curlin*, Ky., 281 S.W.2d 537, 540 (1955); *Consolidated Realty Co. v. Richmond Hotel & Bldg. Co.*, 253 Ky. 463, 69 S.W.2d 985 (1934); *Cassell v. Reeves*, supra; *Hougland v. Perdue*, Ky., 361 S.W.2d 291 (1962); and *Banks v. Wilhoite*, Ky.App., 508 S.W.2d 580 (1974).

■ Under statutory law and under the sub. regs., intention is not relevant. By operation of law, the preliminary plat is not final and proposed dedications are not etched in concrete. Intention is important, however, regarding common law dedications by prescription and estoppel. *Citizens Fidelity Bank & Trust Co. v. Curlin*, supra. Sometimes intent is implied, (*Egner v. Livingston County Bd. of Ed.*, 313 Ky. 168, 230 S.W.2d 448 (1950); *W.T. Congleton & Co. v. Roberts*, 221 Ky. 712, 299 S.W. 579 (1927); and *Hazard v. Eversole*, supra at 923), or we prohibit a person from denying his intention. *See Citizens Fidelity Bank & Trust Co. v. Curlin*, supra at 541.

---

1. Sometimes this is referred to as estopping the owner from denying intent, but is not a true estoppel.

In the case *sub judice,* it appears that what we have is an incomplete statutory dedication which the trial court was trying to save as a common law dedication. Even if the trial court found sufficient evidence of the element of intent, we do not have evidence of the street being open for the unrestricted public use for the five-year period. As a matter of law, there can be no common law dedication by prescription of Sierra Drive in the absence of evidence of the unrestricted use by the general public for five years. Therefore, that part of the judgment which found a common law dedication of a right of way held in trust by Henry Fischer must be reversed.

For the foregoing reasons, that part of the Kenton Circuit Court judgment which found that part of Sierra Drive was not dedicated by its inclusion on a preliminary plat is affirmed. That part of the Kenton Circuit Court judgment which found that part of Sierra Drive was dedicated by common law dedication is reversed, and the matter remanded for the entry of judgment in accordance with this opinion.

All concur.